KAB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Penny Lynn McCarthy, | No. CV-25-02005-PHX-ROS (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, et al., | |
| Defendants. | |

Plaintiff Penny Lynn McCarthy, who is represented by counsel, brought this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Federal Tort Claims Act, Arizona state law, and the Westfall Act. Defendant United States of America has filed a Motion to Dismiss for failure lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and (6) Federal Rule of Civil Procedure . (Doc. 10.) The Motion is fully briefed. (Doc. 14, 15.)

The Court will deny the Motion.

**I.   Background**

In her Complaint, Plaintiff alleges as follows.  On an afternoon in March 2024, Plaintiff, a 66-year-old woman and United States citizen, was doing yard work in front of her house wearing shorts, a sleeveless shirt, and slippers and carrying nothing. (Doc. 1 at 2, 5.)  Three unmarked vehicles pulled into her driveway and six officers wearing plain clothes and tactical vests, shouted at Plaintiff, aimed their firearms at her, and ordered her to put her hands up, which she did. (*Id.* at 2, 11.)  They claimed they had an arrest warrant

for her, but they did not have a warrant for Plaintiff, who had never been charged with any crime other than a civil traffic infraction. (*Id.* at 2.) When Plaintiff asked them to identify themselves, they refused to show their badges, forced Plaintiff to stay turned away from them, and told her that she could "see" they are police even though they were wearing t-shirts and jeans or shorts and tactical vests and were in unmarked vehicles. (*Id.* at 11.)

The officers were executing a 25-year-old arrest warrant issued on April 15, 1999 by a court in Oklahoma to arrest Carole Anne Rozak for failing to check in with a probation officer after her release from prison on non-violent crimes of bank fraud, interstate transportation of stolen property, and causing a criminal act, and making a false statement to a financial institution, all crimes occurring between 1995 and 1997. (*Id.* at 2, 36.) Plaintiff had no connection with Rozak. (*Id.* at 2.) Plaintiff asked the agents to confirm her identity because she knew she had no warrant and they responded by shouting that they would "hit" her if she kept looking at them. (*Id.* at 2-3.) One officer pointed a large firearm at Plaintiff from one of the vehicles during the interaction. (*Id.* at 12.) The officers handcuffed Plaintiff and shackled her at the ankles, put her in a police vehicle, and drove her to the United States Marshals Service. (*Id.* at 3, 14.) The officers told her that she was Carole Rozak and Penny McCarthy; she responded that she was not Carole Rozak, but the officers would not give her a chance to prove her identity. (*Id.*)

At the United States Marshals Service, Plaintiff continued to insist she was not Carole Rozak, but the officers ignored her. (*Id.*) Plaintiff provided the birth dates of her five children and one officer spoke to Plaintiff's sister, who insisted there was a mistake, but the officers ignored this information. (*Id.* at 18.) The officers took Plaintiff's fingerprints twice, took a DNA sample, and took photos of her face and tattoo; they strip searched her, re-shackled her and put her on a bus to a federal detention facility in Florence, Arizona, more than an hour away while handcuffed and shackled with no seatbelt. (*Id.*) One officer lied, saying that Plaintiff's fingerprints matched Carole Rozak's fingerprints.

(*Id.* at 19.)[1]  One officer lied, saying that he got a "hit" on Plaintiff's tattoo, even though this was impossible because Plaintiff's tattoo was 10 years old and unique to her, and did not match any tattoo Rozak had. (*Id.* at 20.)

At the detention facility, Plaintiff was booked, strip searched again in front of dozens of other women, locked in a cold cell without a blanket while shackled at the legs and one wrist shackled to her waist, strip searched a third time in front of dozens of other women, and, the next morning, bussed back to Phoenix for the initial appearance of Carole Rozak. (*Id.* at 20, 24, 27.) At the hearing, the Assistant United States Attorney representing the government indicated that the government was not seeking detention in part because even if Plaintiff were Rozak, she had no criminal history for the past 25 years; he further stated that the government needed to confirm Plaintiff's identity. (*Id.* at 29.) The Judge let Plaintiff go pending an identity hearing set for the following month. (*Id.* at 20.) Eventually, the government confirmed that Plaintiff's fingerprints and DNA do not match Rozak's and ended the proceedings against Plaintiff. (*Id.*) At no point was Plaintiff informed of her rights or allowed to call her family, call an attorney, call her boss, show her driver's license or other identification, arrange for the care of her dog, or secure her home despite Plaintiff's pleas to do all of those things. (*Id.* at 3-4, 14.)

The officers who arrested her failed to run basic checks to check Plaintiff's identity and disregarded plain evidence that Plaintiff was not Carole Rozak, and they lacked probable cause to believe she was Rozak or had committed a crime. (*Id.* at 4.)

On November 26, 2024, Plaintiff submitted an administrative claim to the United States Marshals Service using a Standard Form 95, and the claim was not responded to within six months. (*Id.* at 5.)

---

[1] At the initial appearance hearing, the Assistant United States Attorney who appeared for the government, stated that the United States Marshal who had looked at and compared Plaintiff's fingerprints to Rozak's fingerprints was not qualified to make a fingerprint assessment and he wanted someone who is trained to look at the fingerprints for proper comparison. (*Id.* at 29.)

In Count One, Plaintiff alleges assault against the individual Doe officers in their individual capacities based on detaining Plaintiff at gunpoint, threatening to hit her, grabbing her by her arm, handcuffing her, patting her down, and shackling her ankles. In Count Two, Plaintiff alleges battery against the individual Doe officers in their individual capacities based on intentionally grabbing Plaintiff by the arm, handcuffing her, patting her down, and shackling her ankles. In Count Three, Plaintiff alleges trespass against the individual Doe officers in their individual capacities based on entering Plaintiff's property without her consent and remaining on her property without her consent. In Count Four, Plaintiff alleges false arrest or false imprisonment against the individual Doe officers in their individual capacities based on Plaintiff's arrest and imprisonment without probable cause. In Count Five, Plaintiff alleges malicious prosecution against the individual Doe officers in their individual capacities based on the initiation of criminal proceedings against Plaintiff without probable cause. In Count Six, Plaintiff alleges negligence claims against the individual Doe officers in their individual capacities based on breaching their duty to act with reasonable care when executing warrants and continuing to detain wrongly arrested individuals. In Count Seven, Plaintiff alleges a Fourth Amendment false arrest claim against the individual Doe officers in their individual capacities based on the search and arrest of Plaintiff without probable cause. In Count Eight, Plaintiff alleges a Fourth Amendment claim against two Doe officers in their individual capacities based on the pat down and strip search of Plaintiff. In Count Nine, Plaintiff alleges a Federal Tort Claims Act claim against the United States based on the individual Doe Defendants' torts of assault, battery, trespass, false imprisonment, malicious prosecution, and negligence. In Count Ten, Plaintiff alleges Fourth Amendment false arrest and Fifth Amendment due process claims against the Doe Defendants in their official capacities pursuant to the Westfall Act.

Plaintiff has only served the United States because she has not yet been able to identify the individual Doe Defendants.

///

## II. Motion to Dismiss

Defendant United States of America argues that Count 9 should be dismissed for lack of subject matter jurisdiction because Plaintiff did not comply with Rule 8 of the Federal Rules of Civil Procedure in presenting a short, plain statement of her claim and Plaintiff fails to state a claim upon which relief be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Specifically, Defendant contends that Plaintiff's Complaint contains "a vast number of allegations" and some of them are "marginally relevant" and there is a lot of repetition. Defendant then states "Count 9 should be dismissed without prejudice because the complaint does not present a short and plain statement of the claim showing Plaintiff is entitled to relief." (Doc. 10 at 5.)

Defendant's Motion will be denied. Defendant's arguments that the Complaint is too long and too detailed do not demonstrate that the Court either lacks subject matter jurisdiction or that Plaintiff fails to state a claim upon which relief may be granted in Count 9. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131-32 (9th Cir. 2008) (holding that verbosity and length are not by themselves bases for dismissing a complaint based on Rule 8(a)). Here, the Court has reviewed Plaintiff's Complaint in its entirety and although somewhat repetitive, the complaint is logically organized and presents the enumerated legal claims, "each of which lists the liable Defendant and the legal basis therefor." *Id.* at 1133. Accordingly, the Complaint does not violate Rule 8 and the Motion to Dismiss will be denied.

## III. Motion to Compel Discovery

Plaintiff previously sought to compel limited discovery to identify the unknown Doe Defendants, but the Magistrate Judge denied the request without prejudice as premature while the Motion to Dismiss was pending. (Docs. 11, 13.) The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given

---

[2] The Court declines the United States' invitation to "sua sponte" review Plaintiff's claims against Defendants that have yet to be served because the request lacks any legitimate basis.

- 5 -

an opportunity, through discovery, to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, Plaintiff proposes serving an interrogatory on the United States seeking the identities of the Doe Defendants. The Court will grant the Motion to Compel.[3]

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to Dismiss (Doc. 10).

(2) Defendant's Motion to Dismiss (Doc. 10) is **denied**.

(3) Plaintiff's Motion to Compel Discovery (Doc. 11) is **granted**. Plaintiff may serve the proposed Interrogatory (Doc. 11-3) on Defendant United States. The United States must respond to the Interrogatory within **30 days of service**.

Dated this 27th day of February, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[3] While the Court understands that Defendant contends that Plaintiff fails to state a claim upon which relief may be granted against the Doe Defendants, the Complaint in its entirety is not being dismissed and Plaintiff is entitled to discover the names of the individual Defendants with regard to her FTCA claim regardless of whether the claims against the individual officers are ultimately dismissed.